**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

YAN XUE, and ZHAOE HE,

    Plaintiffs,

v.

ONE BODY WORK INC., d/b/a ONE BODY WORK
MASSAGE and ACUPOINT MASSAGE, a Florida Profit
Corporation, and XIUYAN ZHOU, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, YAN XUE, and ZHAOE HE (hereinafter "XUE," "HE," and collectively "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against ONE BODY WORK INC. and XIUYAN ZHOU (hereinafter, "One Body Work," "ZHOU" and collectively "Defendants") and say:

### JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida Statutes § 448.110 (hereinafter "Florida's Minimum Wage Act," or "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to

Plaintiffs' claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

5. Plaintiffs hereby attach a Demand Letter to both Defendants for their unpaid minimum wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(6)(a). The Demand Letter is attached hereto as Exhibit A.

## PARTIES

6. XUE is a resident of Broward County, Florida. During all times relevant to this Complaint, XUE was employed by Defendants as a massage therapist. XUE was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7. HE is a resident of Broward County, Florida. During all times relevant to this Complaint, HE was employed by Defendants as a massage therapist. HE was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

8. Defendant One Body Work is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Broward County, Florida. One Body Work has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Specifically, One Body Work is doing business as two massage spas, One Body Work Massage ("OBW") and Acupoint Massage ("Acupoint"). One Body Work's employees, including XUE and HE, regularly handled goods which were transported across state lines.

10. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

11. One Body Work, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. One Body Work is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

12. Defendant ZHOU, who resides in the Southern District of Florida, was, or now is, the owner of Defendant One Body Work.

13. Defendant ZHOU acted and acts directly in the interests of One Body Work in relation to its employees. ZHOU had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of One Body Work. Thus ZHOU was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

14. Plaintiffs were non-exempt employees of Defendants and were subject to the payroll practices and procedures set forth hereinafter.

15. Plaintiffs regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work week.

17. Plaintiffs started working for Defendants at OBW location in or about June 2018. Plaintiffs then transferred to Acupoint location in or about October 2018 until their separation in

or about December 2018. Plaintiffs worked approximately seventy (70) to eighty (80) hours per week throughout the entirety of their employment with Defendants.

18. Defendants and their representatives knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

19. Defendants maintained complete control over the hours Plaintiff worked and the pay they were to receive.

20. During the course of their employment with Defendants, Plaintiffs worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

21. Throughout the entirety of their employment with Defendants, Plaintiffs were required to work from 10 a.m. to 10 p.m., seven days a week.

22. Plaintiffs were required to physically remain in the spa during the working hours, but were only paid when customers purchased services from the spa.

23. During Plaintiffs' employment with Defendants at OBW location, they were paid approximately $30.00 for each one-hour back massage session, and $20.00 for each one-hour foot massage session, plus tips. During Plaintiffs' employment with Defendants at Acupoint location, in addition to the compensation as at OBW location, they were to be paid a draw of $100.00 per day, which was later deducted from their regular compensation.

24. In or about December 2018, Defendants paid Plaintiffs less than minimum wage, in violation of minimum wage laws.

25. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

26. Plaintiffs are entitled to their reasonable attorney's fees and costs if they are the prevailing party in this Action.

## COUNT I – VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

27. Plaintiffs re-allege and re-aver paragraphs 1 – 26 as fully set forth herein.

28. Throughout the entirety of Plaintiffs' employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

29. Specifically, Plaintiffs worked approximately seventy (70) to eighty (80) hours during each work week in which they were employed, but were only compensated their regular rate rather than one and one half times their regular rate.

30. Plaintiffs were not exempt from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, nor professional employees.

31. Defendants have knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

32. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorney's fees.

33. Defendants knew Plaintiffs were not exempt from overtime but refused to pay them at a rate of time and one-half their regular rate.

34. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

35. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, for work weeks within three (3) years of the filing of this Complaint, Plaintiffs YAN XUE and ZHAOE HE demand judgment for:

  a) Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

  b) Interest on the amount found due;

  c) Liquidated damages pursuant to 29 U.S.C. § 260;

  d) Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

  e) Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF FLSA / MINIMUM WAGE
### (AGAINST ALL DEFENDANTS)

36. Plaintiffs re-allege and re-aver paragraphs 1 – 26 as fully set forth herein.

37. During the course of Plaintiffs' employment with Defendants, Plaintiffs were required to physically remain in the spa during the working hours, but were only paid when customers purchased services from the spa.

38. In or about December of 2018, Plaintiffs worked for an average of approximately seventy (70) to eighty (80) hours per week. Plaintiffs received only minimal amount of compensation, less than minimum wage under the FLSA.

39. Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

40. As a direct result of Defendants' willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs YAN XUE and ZHAOE HE request judgment for:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid.

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) Plaintiffs' cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

### COUNT III – VIOLATION OF FMWA/MINIMUM WAGE
### (AGAINST ALL DEFENDANTS)

41. Plaintiffs re-allege and re-aver paragraphs 1 – 26 as fully set forth herein.

42. This action is brought under Florida's Minimum Wage Act (FMWA), § 448.110, Florida Statutes.

43. Plaintiffs hereby attach a demand letter to both Defendants for their unpaid minimum wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(6)(a).

44. Plaintiffs were required to work from 10 a.m. to 10 p.m., seven days a week.

45. In or about December of 2018, Plaintiffs worked for an average of approximately seventy (70) to eighty (80) hours per week. Plaintiffs received only minimal amount of compensation, less than minimum wage.

46. Defendants violated the FMWA by paying Plaintiffs less than minimum wage.

47. Defendants knew Plaintiffs worked the amount of hours required of them, but refused to compensate them properly.

48. As a result of Defendants' willful violation of FMWA, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiffs YAN XUE and ZHAOE HE request judgment against Defendants as follows:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiffs' cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

### COUNT IV – VIOLATION OF FMWA/UNPAID WAGES (AGAINST BOTH DEFENDANTS)

49. Plaintiffs re-allege and re-aver paragraphs 1 – 26 as fully set forth herein.

50. Plaintiffs hereby attach a demand letter to both Defendants for their unpaid wages, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(6)(a).

51. During Plaintiffs' employment at Acupoint location, Plaintiffs were required to work from 10 a.m. to 10 p.m., seven days a week.

52. In or about December 2018, Plaintiffs worked for an average of approximately seventy (70) to eighty (80) hours per week but received only minimal amount of compensation.

53. Defendants knew that Plaintiffs performed work for the benefit of the company during the course of their employment, but intentionally refused to compensate them appropriately.

54. Defendants stipulated to Plaintiffs that they owe Plaintiffs approximately $2,400.00 each, $4,800.00 in total, but refused to actually pay them back.

55. Plaintiffs are entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

a) Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiff's cost of this action together with his reasonable attorney's fees;

e) Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs YAN XUE and ZHAOE HE hereby demand a trial by jury on all issues contained herein triable as a matter of right.

Dated: May 13, 2019.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:     /s/ Charles Eiss

9

        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        Chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com